By the Court.—Sedgwick, J.
The contract contemplated that the delivery of the goods and the payment of the purchase-money were to be simultaneous. The purchaser was, in making demand of performance, to be in the situation required by law under such circumstances. It was not necessary that he should produce the money in case of the seller’s refusal to deliver. It was necessary, at the least, that sufficient evidence should have been given, that at the time of demand of performance he then had such means of procuring money as to make it a question for the jury as to his then being able to make the proper payment. The statement of the buyer that he would pay, or was able to pay, is not of itself sufficient for such purpose. Other facts must be shown, to confirm the truth of the statement ; e. g. in Bronson v. Winans, it was shown that the buyer had promptly met all demands on him, and had facilities for raising the required amount of money (Coonley v. Anderson, 1 Hill, 519 ; Bronson v. Winans, 8 N. Y. R. 188 ; Wheeler v. Garcia, 40 N. Y. R. 586 ; Currie v. White, 45 N. Y. R. 822 ; Delavan v. Duncan, 49 N. Y R. 487).
As the defendant had until the middle of December to perform the contract, what took place before that time is immaterial to the point. On the 2d of January, Mr. Fisk, through his agent, told the defendant that he would pay on delivery, and would arrange with a good house to pay him immediately on shipment, if Mr. Fiske , or his agent were not there; or, according to another version, the agent offered to pay, or arrange for the payment as before stated. Assuming that this was in due time under the contract, and that a demand of performance was made, still there was no testimony given as to the ability of Mr. Fisk or his agent to make the payment, or to raise sufficient funds, or even to arrange with a good house for the payment.
I think this was sufficiently pointed at in the ground *326 which the motion for non-suit stated, that there was no evidence to show that the buyer had offered to complete the contract in any way. The substance of that was that he had not in any way done or offered to do what under the contract it was necessary for him to do or offer, to enable plaintiff to maintain the action. I am of opinion that the learned judge overlooked the correctness of the second ground, because of the prominence of the first and incorrect ground that it was necessary to offer to pay cash, which was not necessary, there having been some evidence of a refusal to perform.
For this reason the judgment is reversed, and new trial ordered, with costs to appellant to abide event.
Monell and Curtis, JJ., concurred.